IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BONNIE & RICHARD TANGRADI, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | DOCKET NO. _____ |
| | ) ) | |
| BAPTIST MEMORIAL HEALTHCARE CORPORATION and BAPTIST MEMORIAL HOSPITAL OF UNION CITY, | ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) ) | |

**COMPLAINT FOR MEDICAL MALPRACTICE**

COMES NOW Plaintiffs Bonnie and Richard Tangradi, by and through undersigned counsel, and sue Defendants Baptist Memorial Healthcare Corporation and Baptist Memorial – Union City, and for cause of action states as follows:

**PARTIES AND VENUE**

1. Plaintiff Bonnie N. Tangradi (hereinafter referred to as the "Plaintiff") is an adult resident citizen of Spring Hill, Hernando County, Florida.

2. Plaintiff Richard A. Tangradi is the husband of Plaintiff Bonnie Tangradi and also a resident citizen of Spring Hill, Hernando County, Florida.

3. Defendant Baptist Memorial Healthcare Corporation (hereinafter referred to individually as "BMHC") is a Tennessee corporation with its principal place of business located

at 350 North Humphreys Boulevard, Memphis, Tennessee 38120.  BMHC's registered agent for service of process is Mr. Gregory Duckett who may be found at the same address.

4. Defendant Baptist Memorial Hospital – Union City (hereinafter referred to individually as "the Hospital") is a Tennessee corporation with its principal place of business at 1201 Bishop Street, Union City, Tennessee 38261.  The Hospital's registered agent for service of process is Mr. Gregory Duckett who may be found at 350 North Humphreys Boulevard, Memphis, Tennessee 38120.  BMHC and the Hospital are hereinafter referred to *collectively* as the "Defendants."

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).  Because the named Plaintiffs are both citizens of the State of Florida and the Defendants are both citizens of the State of Tennessee, complete diversity exists between the Plaintiffs and the Defendants.  Further, Plaintiffs allege that their claim exceeds $75,000.00, exclusive of interests and costs.  As a result, this Court has original diversity jurisdiction of this case.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), (b) and (c) on the grounds that all or a substantial portion of the acts giving rise to the violations alleged herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. Plaintiff Bonnie Tangradi was admitted to the emergency room of the Hospital on March 19, 2008.  She presented with complaints of a fever, back pain, labored breathing and nausea.  At the time of her admission, Plaintiff disclosed current health issues relevant to her care and treatment, including type-2 diabetes and chronic obstructive pulmonary disease (hereinafter referred to as "COPD").  The emergency room doctor's initial impression was that Plaintiff

suffered from pneumonia. She was admitted to the Hospital to begin treatment. Plaintiff remained under the care of the Hospital, and was treated for pneumonia and associated symptoms, until her discharge on Friday March 21, 2008.

8. Notwithstanding the fact that her preexisting medical conditions increased her risk of skin breakdown, Plaintiff was placed (and remained in) a "low" prone position on her back and buttocks during her entire stay at the Hospital. Plaintiff was never once turned or repositioned to avoid the development of pressure ulcers despite her complaints of pain to the nursing staff. No additional treatment or medical devices were provided, such as special mattresses or bedding, to compensate in the absence of turning and/or moving Plaintiff from her original position.

9. Upon Plaintiff's arrival home after her discharge on March 21st, she asked her husband, Plaintiff Richard Tangradi, to examine her lower back and/or buttocks due to pain and irritation in this area. Upon examination, her husband discovered that the area at the top of her buttocks, around the coccyx bone, was extremely irritated, red and dry. The center of the wound was purple and black and was beginning to crack and/or open.

10. Notwithstanding Plaintiff's attempts to avoid placing any pressure on this area, the entire area of her lower back and coccyx area had opened and reviled a horrific pressure ulcer within two (2) days of her discharge. The ulcer ultimately measured nearly 12 inches in width. Plaintiff was compelled to seek care on a weekly basis to treat, dress and monitor the progress of the wound.

11. Over the course of 2008 Plaintiff continued to seek treatment for the ulcer. Since her discharge from the hospital she has spent the overwhelming majority of her waking hours lying on her stomach at home. Plaintiff has been unable to enjoy many of the simple pleasures of life with her husband, children or grandchildren. Due to the sedentary nature of the healing process for

an injury such as this Plaintiff was forced to become a shut-in. This wound has caused her great physical pain and mental anguish.

12.     As the wound slowly began to heal the skin at the top of Plaintiff's buttocks began to fuse together, which created an unsightly lump of scar tissue. This scarring will leave Plaintiff with a permanent physical deformity and will require costly cosmetic surgery if it is ever to be corrected.

13.     The wound has still not fully healed and Plaintiff continues to treat on a weekly basis with her primary-car physician. No timetable for permanent recovery is known.

14.     On September 3, 2009, sixty days prior to filing this lawsuit, Plaintiffs provided written notice to Defendants pursuant to TENN CODE ANN. § 29-26-121(a). Pursuant to TENN CODE ANN. § 29-26-121(a)(4), Plaintiffs have attached a certificate of compliance with the Notice provisions of the Tennessee Medical Malpractice Act hereto as Exhibit "A' which specifically contains the documentation specified pursuant to TENN CODE ANN. § 29-26-121(a)(2).

15.     Pursuant to TENN CODE ANN. § 29-26-122(a), Plaintiffs' counsel has retained an expert that is competent to express an opinion or opinions in this case and said expert has opined that the Defendants' conduct as alleged herein has fallen below the acceptable standard of care and constitutes medical malpractice and that there exists a good faith basis for bringing these claims. Plaintiffs have attached a certificate of good faith as required by statute hereto as Exhibit "B".

## COUNT 1: NEGLIGENCE PURSUANT TO THE TENNESSEE MEDICAL MALPRACTIC ACT, TENN. CODE. ANN. § 29-26-115, ET SEQ.

16.     Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1-15 as if fully set forth herein.

17.     Defendants' owed a duty to all patients in their care, including the Plaintiff, to

render medical care, treatment and services as a reasonably prudent and similarly situated hospital would render, including but not limited to, rendering care in a safe and beneficial manner.

18. Defendants' owed a duty to all patients, including the Plaintiff, to follow all practices recognized by similarly situated hospitals, as well as their own internal policies, with regard to safety, precautionary measures, recognition of various symptoms, monitoring patients and documentation of vital information.

19. Defendants' failed to meet the standard of care and violated their duty to the Plaintiff through neglect, sub-standard treatment and a failure to practice standard procedures. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions:

   a) failure to provide Plaintiff adequate nursing care and medical observation;

   b) failure to provide adequate supervision of nursing staff so as to ensure Plaintiff received necessary treatment, monitoring, medication, observation and necessary medical devices;

   c) failure to turn or rotate Plaintiff in her bed, leaving her in the same position for three (3) days;

   d) failure to document required information, including but not limited to, condition of the Plaintiff's skin and when/if she was turned in bed;

   e) failure to recognize that Plaintiff's symptoms, including pneumonia, COPD, type-2 diabetes and low blood pressure rendered her more susceptible to pressure sores and/or decubitous ulcers, and to treat accordingly;

   f) failure to timely and adequately assess and monitor the development and progression of pressure sores and/or decubitous ulcers on Plaintiff;

   g) failure to notify Plaintiff's attending physicians of changes in Plaintiff's condition, including but not limited to, the onset of pressure sores and/or decubitous ulcers;

    h)    failure to provide Plaintiff with adequate and appropriate wound care, including timely dressing and treatment of skin to prevent pressure sores and/or decubitous ulcers;

    i)    failure to provide appropriate protective devices and pressure relief devices, including but not limited to mattress and bedding, to prevent the onset of pressure sores and/or decubitous ulcers;

    j)    failure to appropriately monitor condition of Plaintiff, recognize changes in her health and other symptoms, resulting in her unnecessary pain, agony and suffering;

    k)    failure to recognize the onset of pressure sores and/or decubitous ulcers prior to Plaintiff's discharge from care of Defendants.

20. A reasonably prudent hospital, operating under the same or similar conditions, would not have failed to provide the care listed herein. Each of the forgoing acts of medical malpractice on the parts of Defendants was reasonably foreseeable and was a direct and proximate cause of Plaintiff's injuries.

21. Defendants' conduct in breaching the duties owed to the Plaintiff was negligent, grossly negligent, willful, wanton, malicious, and/or or reckless.

22. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs, and any other relief to which Plaintiff is entitled by law.

### COUNT 2: GROSS NEGLIGENCE, WILLFUL, WANTON, RECKLESS, MALICIOUS AND/OR INTENTIONAL CONDUCT

23. The Plaintiff re-alleges and incorporates all the allegations in paragraphs 1-22 as if fully set forth herein.

24. The scope and severity of Defendants' failures and actions and their consciously indifferent actions with regard to the welfare, care and health of patients such as the Plaintiff constitutes gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct

as such terms are understood under Tennessee law.

25. Such conduct was undertaken by Defendants without regard to the health, safety or medical condition of their patients, such as the Plaintiff, entrusted to their care.  Further, such conduct evidences such little regard for the duty of care owed to Plaintiff as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Plaintiff's rights and welfare.

26. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## **COUNT 3: LOSS OF CONSORTIUM**

27. The Plaintiff re-alleges and incorporates all the allegations in paragraphs 1-26 as if fully set forth herein.

28. Pursuant to TENN. CODE ANN. § 25-1-106 and Tennessee common law, Plaintiff Richard Tangradi is entitled to assert a separate claim for loss of consortium with respect to his wife, Plaintiff Bonnie Tangradi .

29. Prior to, and at the time of her injuries, Plaintiff Bonnie Tangradi was an able-bodied woman, capable of performing her tangible services as a wife as well as providing the intangible benefits of love, affection, attention, care and companionship as wife to Plaintiff Richard Tangradi. However, by reason of her injuries, Plaintiff Bonnie Tangradi has become unable to have sexual relations, unable to provide customary attention and care, and has otherwise become incapacitated, with regards to her husband, Plaintiff Richard Tangradi.  By reason thereof, Plaintiff Richard Tangradi has been deprived of the services and consortium of his wife and has become liable for doctors' and hospital bills and other kindred expenses growing out of said accident and injuries to his wife, Plaintiff Bonnie Tangradi.

**COUNT 4: DAMAGES**

30. The Plaintiff re-alleges and incorporates all the allegations in paragraphs 1-29 as if fully set forth herein.

31. As a direct and proximate result of medical malpractice of Defendants as set out above, Plaintiff Bonnie Tangradi suffered injuries, including but not limited to, skin tears, pressure sores, decubitous ulcers, permanent physical deformity , as well as extreme pain, suffering and mental and emotional distress.

32. As a result of the negligent and reckless acts of the Defendants, Plaintiff Bonnie Tangradi is entitled to the following economic and non-economic damages:

    (a) Physical pain and suffering – past

    (b) Physical pain and suffering – future

    (c) Permanent impairment and/or disfigurement

    (d) Loss of capacity for the enjoyment of life – past

    (e) Loss of capacity for the enjoyment of life – future

    (f) Medical care services to date

    (g) Future medical care services

    (h) Value of earning capacity lost – past

    (i) Value of earning capacity lost – future.

33. As a result of the negligent and reckless acts of the Defendants, Plaintiff Richard Tangradi is entitled to the following non-economic damages:

    (a) Loss of Consortium - past

    (b) Loss of Consortium – future.

34. Plaintiff therefore seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## PRAYER

WHEREFORE the Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a) for damages to be determined by the jury, in an amount adequate to compensate the plaintiffs for all injuries and damage;

b) for all general and special damages caused by the alleged conduct of the Defendants;

c) for the costs of litigating this case;

d) for punitive damages sufficient to punish the Defendants for their egregious conduct and to deter similar conduct by others;

e) for all other relief to which Plaintiff is entitled under Tennessee law.

**A JURY IS RESPECTFULLY DEMANDED**

Respectfully submitted,

**WATSON BURNS, PLLC**

s/ William F. Burns
William F. Burns, Esq., TN Bar No. 17908
Frank L. Watson, Esq., TN Bar No. 15073
11 South Idlewild Street
Memphis, Tennessee 38104
P: (901) 529-7996
F: (901) 529-7998

*Attorneys for Plaintiffs*