IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BONNIE TANGRADI and
RICHARD TANGRADI,

     Plaintiffs,

v.                                  No. 1:10-cv-01115-JDB-egb

BAPTIST MEMORIAL HOSPITAL
OF UNION CITY,

     Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT ON CLAIMS OF BONNIE TANGRADI
AND
GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT ON CLAIM OF RICHARD TANGRADI

_____

Before the Court are the motions of Defendant, Baptist Memorial Hospital–Union City ("Baptist"), to dismiss the claims of Plaintiffs, Bonnie Tangradi and Richard Tangradi, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. (Docket Entry ("D.E.") Nos. 42–43, 45.) The Plaintiffs have responded in opposition to both motions, to which Defendant filed replies. (D.E. Nos. 56–59.) The Court will consider them jointly below. For the reasons discussed herein, the Defendant's motion as to Bonnie Tangradi is DENIED, and its motion as to Richard Tangradi is GRANTED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

*The Alleged Injury.* This lawsuit arises following Baptist's medical treatment of Bonnie Tangradi from March 18 to 21, 2008. On March 18 at 11:07 p.m., Mrs. Tangradi was admitted to

Baptist's emergency room with complaints of fever, back pain, labored breathing, and nausea. (B. Tangradi's Stmt. of Additional Facts ¶ 12, D.E. No. 56-1; R. Tangradi's Stmt. of Additional Facts ¶ 10, D.E. No. 57-1.) Following treatment for pneumonia and related symptoms, she was discharged on March 21, 2008. (B. Tangradi's Stmt. of Additional Facts ¶ 13; R. Tangradi's Stmt. of Additional Facts ¶ 11.) After she returned home, Richard Tangradi examined his wife's lower back and "discovered that the area at the top of her buttocks, around the coccyx bone, was extremely irritated, red and dry. The center of the wound was purple and black and was beginning to crack and/or open." (R. Tangradi's Stmt. of Additional Facts ¶ 12.) That condition is the basis for this lawsuit.

*Plaintiffs' Pre-suit Notice Under the TMMA.* The Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. §§ 29-26-101 to -122, requires that a plaintiff follow certain procedures prior to filing a lawsuit for medical malpractice, including providing pre-suit notice to the medical provider. See § 29-26-121. On November 13, 2008, counsel for Bonnie Tangradi sent a letter by certified mail to Baptist's registered agent stating that she intended to file a lawsuit "for injuries sustained at Baptist Memorial Hospital-Union City, Tennessee location on or about March 17, 2008." (D.E. Nos. 43-1, 56-3.) Plaintiff's counsel sent a second letter dated January 15, 2009, to Baptist Memorial Hospital and Baptist Memorial Health Care Corporation again expressing Mrs. Tangradi's intent to bring claims for injuries suffered by her "on or about March 17, 2008." (D.E. No. 43-2.) Similarly, counsel sent a letter to Baptist dated February 10, 2009, which stated that Richard Tangradi would be "fil[ing] a lawsuit . . . for injuries sustained by his wife at Baptist Memorial Hospital – Union City, Tennessee, location on or about March 17, 2008." (D.E. No. 45-7.) According to Defendant, each correspondence referenced the wrong date of Mrs. Tangradi's injury, as she was not admitted to Baptist until March 18, 2008.

*Bonnie Tangradi's State Court Case.* Mrs. Tangradi filed suit against Baptist on January 21, 2009, in the Circuit Court for Obion County, Tennessee, alleging negligence under the TMMA. (D.E. No. 43-3.) Service of process was executed on January 30, 2009, pursuant to Tennessee Rule of Civil Procedure 3.[1] (D.E. No. 56-4.) Baptist answered the complaint on March 13, 2009, wherein it denied that Mrs. Tangradi had complied with the TMMA's notice requirements under Tenn. Code Ann. § 29-26-121(a), (b). (D.E. No. 43-4.)

On June 22, 2009, Tangradi filed a notice of voluntary dismissal without prejudice pursuant to Tennessee Rule of Civil Procedure 41.01. (D.E. No. 56-5.) A certificate of service attached to the notice stated that a copy was served by U.S. Mail on James Kirby, counsel for the Defendant, on that same date. (Id.) The state court entered an order of voluntary dismissal without prejudice on July 6, 2009. (D.E. Nos. 43-6, 56-6.) The order also contained a certificate of service reflecting that a copy had been served on Kirby by mail on June 28, 2009. (Id.)

*Richard Tangradi's State Court Case.* The same day that his wife dismissed her state court case, Richard Tangradi filed his own lawsuit against Baptist in the Circuit Court of Obion County, Tennessee for loss of consortium. (D.E. No. 45-3.) In its answer submitted on October 19, 2009, Baptist denied that Mr. Tangradi had complied with the TMMA's pre-suit notice requirements. (D.E. No. 45-4.) It also asserted that his claim was barred by the one-year statute of limitations contained in Tenn. Code Ann. § 29-26-116. (Id.)

*The Federal Complaint.* Following the nonsuit of Bonnie Tangradi's state court suit, her counsel sent a letter dated September 3, 2009, by certified mail to Baptist and its registered agent stating: "Please consider this letter formal notice that our firm intends to re-file a lawsuit on

---

[1] On February 10, 2009, after filing the complaint, Plaintiff's counsel sent a third letter via certified mail to Baptist Memorial Health Care System, Inc., Baptist Memorial Health Services, Inc., and Baptist Memorial Hospital again stating his intentions of filing a medical malpractice suit on Mrs. Tangradi's behalf for injuries incurred "on or about March 17, 2008." (D.E. No. 43-5.)

behalf of Mrs. Tangradi, for injuries sustained while a patient at Baptist Memorial Hospital – Union City on or about March 17, 2008." (D.E. Nos. 43-7, 56-7.) On May 12, 2010, Bonnie and Richard Tangradi consolidated their claims and filed this federal lawsuit. (D.E. No. 1.) The complaint included claims for (1) negligence under the TMMA, (2) gross negligence, willful, wanton, reckless, malicious and/or intentional conduct, and (3) loss of consortium.[2] (Id. at ¶¶ 16–29.) Two days later, Richard Tangradi's Obion County lawsuit was voluntarily dismissed without prejudice pursuant to Tenn. R. Civ. P. 41.01. (D.E. No. 45-6.) Baptist answered the complaint on June 9, 2010, asserting as affirmative defenses that Richard Tangradi did not meet the pre-suit notice requirement of the TMMA and that his claim was barred by the applicable statute of limitations. (D.E. No. 5.)

## II.  STANDARD OF REVIEW

Baptist seeks dismissal of the Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) or, alternatively, Rule 56. Because both Defendant and Plaintiffs have relied upon extrinsic materials related to these motions, the Court will analyze them under the summary judgment standard.  See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004), reh'g en banc denied (Dec. 29, 2004).

Rule 56(a) provides that

[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[2] After the Defendant filed the instant motions, the Court allowed the Plaintiffs to file an amended complaint adding a claim for ordinary negligence. (D.E. No. 51.) The Tangradis filed their amended complaint on November 11, 2011, and Baptist answered on November 30. (D.E. Nos. 52, 55.) The motions presently before the Court do not address the ordinary negligence claim.

of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). "A genuine issue of material fact exists if a reasonable juror could return a verdict for the nonmoving party." Pucci v. Nineteenth Dist. Court, 628 F.3d 752, 759 (6th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Poss v. Morris (In re Morris), 260 F.3d 654, 665 (6th Cir. 2001) (quoting Celotex, 477 U.S. at 322, 106 S. Ct. at 2552). In reviewing a motion for summary judgment, the evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

## III. ANALYSIS

According to Baptist, Bonnie and Richard Tangradi's claims are time-barred by the TMMA's one-year statute of limitations. See Tenn. Code Ann. § 29-26-116(a)(1). Because the Defendant argues that the Tangradis' limitations period expired for different reasons, the Court will analyze their claims separately.

A.  Bonnie Tangradi's Medical Malpractice Claims

The timeliness of Bonnie Tangradi's claims hinges on whether the statute of limitations was tolled following her voluntary nonsuit. Under Rule 41.01 of the Tennessee Rules of Civil Procedure, a plaintiff may obtain a voluntary dismissal as follows:

> [E]xcept when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party . . . .

Tenn. R. Civ. P. 41.01(1). Rule 41.01 works in conjunction with the Tennessee savings statute, Tenn. Code Ann. § 28-1-105, which provides in pertinent part that

> [i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may, from time to time, commence a new action within one (1) year . . . .

Tenn. Code Ann. § 28-1-105(a). Together, Rule 41.01 and Tenn. Code Ann. § 28-1-105 allow a plaintiff to voluntarily dismiss a lawsuit and re-file it, so long as the first action was timely filed within the statute of limitations and the new action is commenced within one year following the order of voluntary dismissal. Crowley v. Thomas, 343 S.W.3d 32, 34–35 (Tenn. 2011); Frazier v. E. Tenn. Baptist Hosp., Inc., 55 S.W.3d 925, 927–28 (Tenn. 2001).

The purpose of the savings statute is "'to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of [Tennessee's] laws of procedure.'" Henley v. Cobb, 916 S.W.2d 915, 917 (Tenn. 1996) (quoting Gen. Accident Fire & Life Assurance Corp. v. Kirkland, 356 S.W.2d 283, 285 (Tenn. 1962)); see also Advey v. Celotex Corp., 962 F.2d 1177, 1182 (6th Cir. 1992) (noting the savings statute's "resuscitative purpose"), reh'g & reh'g en banc denied (June

16, 1992). Because Tennessee law strongly favors the resolution of cases on the merits, the Tennessee Supreme Court has held that the state's savings statute must be liberally construed in support of that goal. Henley, 916 S.W.2d at 916; Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn. 1995). The key to determining whether a plaintiff may benefit from the savings statute is notice to the defendant. As stated in Henley, "notice to the party affected is the true test of the statute's applicability. . . . [T]he crucial consideration [is] not the technical form of the first action, but the fact that the defendant actually had notice of it." Henley, 916 S.W.2d at 917.

 1. Mrs. Tangradi Complied with Requirements of Rule 41.01 and the Savings Statute

 The parties agree that the TMMA's one-year statute of limitations began to run when the Plaintiff was discharged from Baptist's care on March 21, 2008. It is undisputed that Tangradi timely filed her original state court lawsuit on January 21, 2009, and then served Baptist with a summons and copy of the complaint in accordance with Tenn. R. Civ. P. 3 on January 30, 2009. (D.E. Nos. 43-3, 56-4.) It is also conceded that Tangradi filed a notice of voluntary dismissal on June 22, 2009, certifying that it was served on Defendant as required by Rule 41.01. (D.E. No. 56-5.) The state court entered an order of voluntary dismissal without prejudice on July 6, 2009. (D.E. No. 56-6.) On May 12, 2010, the Plaintiff re-filed her complaint in this Court. (D.E. No. 1.) Accordingly, the Court finds that Mrs. Tangradi timely instituted her lawsuit under Tenn. R. Civ. P. 3, satisfied the requirements for voluntary dismissals under Tenn. R. Civ. P. 41.01, and then re-filed the action within one year as required by Tenn. Code Ann. § 28-1-105(a). She thus met the Tennessee savings statute's requirements to toll the statute of limitations for her claims.

 2. Application of the Savings Statute is Not Contingent on Compliance with TMMA

 Nevertheless, Baptist argues that the statute of limitations was not tolled because Mrs. Tangradi did not comply with TMMA's pre-suit notice and certificate of good faith requirements

in her first state suit.[3] Under the TMMA, Plaintiff was required to provide Defendant with written notice of her potential medical malpractice claim at least sixty days before filing her complaint. <u>See</u> Tenn. Code Ann. § 29-26-121(a) (2008).[4] Defendant asserts that the November 13, 2008 letter, which was the only notice Plaintiff provided more than sixty days prior to her lawsuit, was deficient for two reasons: (1) it stated that she intended to bring suit for injuries sustained "on or about March 17, 2008," which was the day before she was admitted to Baptist; and (2) the letter was sent by certified, not registered, mail as required by § 29-26-121(a). The TMMA also mandated that Plaintiff's attorney file a certificate of good faith stating that he had consulted with a qualified expert who validated that there was a good faith basis for the action. Tenn. Code Ann. § 29-26-122 (2008). According to Baptist, Mrs. Tangradi's counsel never did so.

Based on those alleged deficiencies under the TMMA, Baptist insists that the Tennessee savings statute should not suspend the running of the statute of limitations. According to Defendant, the savings statute does not toll the limitations period for a subsequent lawsuit when a plaintiff fails to meet the statutory requirements in the previous one. Defendant asks the Court to find that there was no original suit to "save" since the Plaintiff did not follow the TMMA's requirements. Thus, Baptist maintains that the statute of limitations expired on March 21, 2009, almost fourteen months before she filed this federal lawsuit.

In response, Plaintiff denies that the alleged noncompliance in her initial lawsuit serves as a bar for application of the savings statute to this action. She contends that Tennessee law only required that she meet the prerequisites for obtaining a voluntary dismissal under Tennessee Rule

---

[3] The Court notes that Baptist has not moved for dismissal of the complaint or for summary judgment on the basis that Bonnie Tangradi failed to comply with the TMMA with regard to her federal lawsuit.

[4] The parties agree that Bonnie Tangradi's first lawsuit, filed on January 21, 2009, was governed by the 2008 version of the TMMA. The statute was amended effective July 1, 2009, which controls the instant action.

of Civil Procedure 41.01 and those for the tolling provision of the Tennessee savings statute. According to Plaintiff, whether or not she initially complied with the TMMA is irrelevant to her right to file this federal lawsuit.

For purposes of deciding this motion, the Court will assume that Mrs. Tangradi's prior state suit did not comply with the TMMA. However, the Court agrees with Plaintiff that her right to voluntarily dismiss the state action and use the savings statute to re-file in this Court was not contingent on providing pre-suit notice and filing a certificate of good faith.

In Robles v. Vanderbilt University Medical Center, No. M2010-01771-COA-R3-CV, 2011 WL 1532069 (Tenn. Ct. App. Apr. 19, 2011), perm. app. denied (Aug. 25, 2011) ("Robles I"), the Tennessee Court of Appeals was confronted with the similar question of whether the Circuit Court of Davidson County erred in allowing a medical malpractice plaintiff to voluntarily dismiss her state court lawsuit under Tenn. R. Civ. P. 41.01 after failing to file a certificate of good faith as required by the TMMA. The defendant medical providers, who had moved to dismiss the complaint based on the absence of the certificate, argued that the trial court should have dismissed the action with prejudice rather than allowing the plaintiff to take a voluntary nonsuit. In particular, the defendants relied on the TMMA's statement that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." See Tenn. Code Ann. § 29-26-122(c).

The court of appeals rejected defendants' argument, holding that nothing in the TMMA limited a plaintiff's right to voluntarily dismiss her lawsuit under Tenn. R. Civ. P. 41.01 and later re-file it. Robles I, 2011 WL 1532069, at *2. The court relied on the fact that a plaintiff's right to voluntarily dismiss an action is "free and unrestricted" in Tennessee and that dismissal under the TMMA is not automatic, even when a plaintiff fails to meet its statutory requirements. Id. (citing

Lacy v. Cox, 152 S.W.3d 480, 484 (Tenn. 2004); Stewart v. Univ. of Tenn., 519 S.W.2d 591, 592 (Tenn. 1974)). Of particular relevance to this case, the court also stated that failure to comply with the TMMA in the original suit would not serve as grounds for dismissal in a subsequent proceeding:

> In the event the plaintiff re-files the suit, it proceeds as a new action, subject only to the provision regarding payments of costs at Tenn. R. Civ. P. 41.04. The fact that plaintiff did not file the certificate with the original complaint is of no consequence; a new action must stand or fall on its own. While such a holding is contrary to the contention of the defendants that plaintiff must bear the "statutorily mandated consequences of their admitted failure to comply with § 29–26–122", we believe that such a result is not inconsistent with the intent of the Tennessee Legislature in passing the statute to reduce the number of frivolous lawsuits, weed out meritless lawsuits and facilitate early resolution of cases through settlement. While the requirements to file and prosecute a medical malpractice suit are rigorous, nothing in the legislative history or the statute itself reveals an intent that medical malpractice cases should not proceed in accordance with the rules applicable to all actions, including Tenn. R. Civ. P. 41.

Id. at *3 (citation omitted).

Less than one year after nonsuiting the state action, Robles re-filed her lawsuit in the United States District Court for the Middle District of Tennessee. See Robles v. Vanderbilt Univ., No. 3:11-cv-00399, 2011 WL 5521172 (M.D. Tenn. Nov. 14, 2011) ("Robles II"). When the defendants' answer raised an affirmative defense based on plaintiff's noncompliance with the TMMA in the first action, Robles moved to strike that defense on the basis that the Tennessee Court of Appeals had already decided that the deficiencies in the first action would not bar a subsequent suit. Id. at *6–7. The district court held that regardless of the *res judicata* effect of Robles I, defendants were not entitled to defend the suit on the basis of the plaintiff's state court errors. Id. at *7. It noted that "[t]he Tennessee Court of Appeals has repeatedly held that the traditional rule allowing a plaintiff to voluntarily dismiss and re-file a suit applies to cases under the Medical Malpractice Act that are subject to the good-faith certificate requirement." Id. (citing

<u>Cude v. Herren</u>, No. W2010–01425–COA–R3–CV, 2011 WL 4436128, at *3 (Tenn. Ct. App. Sept. 26, 2011); <u>Myers v. AMISUB (SFH), Inc.</u>, No. W2010–00837–COA–R9–CV, 2011 WL 664753, at *1 (Tenn. Ct. App. Feb. 24, 2011); <u>Barnett v. Elite Sports Med.</u>, No. M2010–00619–COA–R3–CV, 2010 WL 5289669, at *1 (Tenn. Ct. App. Dec. 17, 2010)). The district court also pointed out that Tennessee courts have "continually emphasized . . . that a re-filed malpractice suit is an entirely new and separate action from the non-suited action." <u>Id.</u>

Baptist relies on two cases—<u>Frye v. Blue Ridge Neuroscience Center, P.C.</u>, 70 S.W.3d 710 (Tenn. 2002), and <u>Boone v. Morris</u>, No. M2002-03065-COA-R3-CV, 2004 WL 2254012 (Tenn. Ct. App. Oct. 6, 2004)—which it contends stand for the contrary. According to Defendant, <u>Frye</u> and <u>Boone</u> hold that the Tennessee savings statute does not apply when a plaintiff fails to follow procedural requirements in the first lawsuit. Both are distinguishable from the present case, however.

In <u>Frye</u>, the plaintiff filed a medical malpractice lawsuit but failed to serve the defendants with process in accordance with Tenn. R. Civ. P. 3. 70 S.W.3d at 712–13. He then filed a notice of voluntary dismissal but neglected to serve the defendants with copies of the notice and original complaint as required by Rule 41.01. <u>Id.</u> at 712. The Tennessee Supreme Court held that plaintiff's noncompliance with Tenn. R. Civ. P. 3 and 41.01 precluded him from benefiting from the one-year tolling period of the savings statute. <u>Id.</u> at 715–17. Thus, it was Frye's failure to "commence" the action under Rule 3 and failure to comply with the voluntary dismissal rule itself, not errors under the TMMA, that rendered the savings statute inapplicable. Similarly, the Tennessee Court of Appeals reiterated in <u>Boone</u> that "[s]trict compliance" with Rule 41.01 is required for a plaintiff who did not originally serve the summons and complaint to utilize the savings statue. 2004 WL 2254012, at *4.

Neither case relied upon by Baptist supports its assertion that Mrs. Tangradi's lack of obedience to the TMMA dictates application of the Tennessee savings statute in this new action. Just as in <u>Robles</u>, Plaintiff filed a medical malpractice lawsuit in state court that did not follow all of the statutory requirements of the TMMA. She then took a voluntary dismissal pursuant to Tenn. R. Civ. P. 41.01 and re-filed the complaint in this Court. Because Plaintiff's second lawsuit "must stand or fall on its own," this Court rejects Defendant's argument that her noncompliance with the TMMA in the first action serves as a bar to her second lawsuit. <u>Robles II</u>, 2011 WL 5521172, at *7–8; <u>Robles I</u>, 2011 WL 1532069, at *2–3. Baptist's motion for summary judgment as to Bonnie Tangradi is DENIED.[5]

B. Richard Tangradi's Loss of Consortium Claim

Baptist also moves for summary judgment on Richard Tangradi's claim for loss of consortium based on the statute of limitations. Unlike his wife, Mr. Tangradi failed to commence his state suit within one year of discovering her injuries. Thus, the Court finds that his claim is time-barred.

1. Richard Tangradi's Claim Was Filed Beyond the One-Year Statute of Limitations

The parties agree that Richard Tangradi knew of his wife's injuries on the date of her discharge, March 21, 2008. (<u>See</u> R. Tangradi Depo. 58–61, D.E. No. 45-8.) They also concur that his loss of consortium claim accrued as of that date. <u>See</u> <u>Sherrill v. Souder</u>, 325 S.W.3d 584, 595 (Tenn. 2010) ("[A] medical malpractice cause of action accrues when one discovers . . . both (1) that he or she has been injured by wrongful or tortious conduct and (2) the identity of the person or persons whose wrongful conduct caused the injury."). Under the applicable statute of

---

[5] Tangradi further submitted that the Defendant waived its right to assert the statute of limitations as a defense. Because the Court finds that her claims are timely under the limitations period, it need not reach this argument.

limitations, he had one-year to commence his suit. See Tenn. Code Ann. §§ 28-3-104(a)(1), 29-26-116(a)(1).[6] Since Plaintiff did not file his state court complaint until one year and ninety-three days after Bonnie Tangradi's release date, his loss of consortium claim was untimely.

    2. The Savings Statute Does Not Toll the Statute of Limitations for His Claim

    Despite conceding that he filed suit beyond the limitations period, Richard Tangradi insists that his loss of consortium claim should survive because it is derivative of his wife's cause of action. Because the savings statute's tolling provision preserved Bonnie Tangradi's claims, Mr. Tangradi argues that it should save his loss of consortium claim as well. The Court finds no support for that position in Tennessee law.

    Plaintiff's cause of action finds its source in Tenn. Code Ann. § 25-1-106, which provides that "[t]here shall exist in cases where such damages are proved by a spouse, a right to recover for loss of consortium." Consortium is defined as "the conjugal fellowship of husband and wife, and the right of each to the company, cooperation, affection and aid of the other in every conjugal relation." Manning v. Altec, Inc., 488 F.2d 127, 132 (6th Cir. 1973). In Tennessee, it is "derivative" of the claims of the injured spouse. Tuggle v. Allright Parking Sys., Inc., 922 S.W.2d 105, 108 (Tenn. 1996). That is, the spouse's physical injuries and incapacities are what create the claim for loss of consortium. Hunley v. Silver Furniture Mfg. Co., 38 S.W.3d 555, 557 (Tenn. 2001); Clark v. Shoaf, 209 S.W.3d 59, 61 (Tenn. Ct. App. 2006), perm. app. denied (Sept. 25, 2006); Jackson v. Miller, 776 S.W.2d 115, 117 (Tenn. Ct. App. 1989), perm. app. denied (May 30, 1989). However, Tennessee courts have also made clear that loss of consortium is a separate cause of action from that of the spouse. See Kinzer v. Metro. Gov't of

---

    [6] The parties disagree whether his claim for loss of consortium was governed by the TMMA's statute of limitations, § 29-26-116(a)(1), or the limitations period for general personal injury actions, § 28-3-104(a)(1). Both are one year. Because the underlying harm allegedly caused to the plaintiff arises from medical malpractice, the TMMA's one-year statute of limitations governs. See Cary v. Bourne, No. 02A01-9511-CV-00263, 1997 WL 585750, at *4 (Tenn. Ct. App. Sept. 23, 1997).

Nashville, 451 F. Supp. 2d 931, 935 (M.D. Tenn. 2006); Hunley, 38 S.W.3d at 557–58; Clark, 209 S.W.3d at 61; McPeek v. Lockhart, 174 S.W.3d 751, 755 (Tenn. Ct. App. 2005), perm. app. denied (Oct. 3, 2005); Jackson, 776 S.W.2d at 117. The spouse's "right to recover for loss of consortium is a right independent of the [injured] spouse's right to recover for the injuries themselves." Swafford v. City of Chattanooga, 743 S.W.2d 174, 178 (Tenn. Ct. App. 1987), perm. app. denied (Nov. 30. 1987). Simply because the physically injured party recovers on his or her claim does not mean that the spouse also must recover. McPeek, 174 S.W.3d at 755 (affirming jury verdict that awarded damages to the injured plaintiff but not for the spouse's loss of consortium).

Richard Tangradi's reliance on the "derivative" nature of his claim is misplaced. Under circumstances similar to those presented here, the Tennessee Court of Appeals held that a plaintiff suing for loss of consortium is not relieved from the statute of limitations simply because the genesis of his claim is a spouse's personal injuries. See Strauss v. Ramada Inn E., No. 02A01-9211-CV-00307, 1994 WL 198882, at *1–2 (Tenn. Ct. App. May 23, 1994), perm. app. denied (Sept. 6, 1994). In Strauss, a wife sued Ramada Inn for injuries after she slipped and fell while on the defendant's premises. Id. at *1. She took a voluntary nonsuit and re-filed her lawsuit one year later. Id. The plaintiff then moved to amend her complaint to add a claim for her husband's loss of consortium, which the trial court allowed over defendant's objection that it was untimely. Id. On appeal, the Tennessee Court of Appeals emphasized the independence of a claim for loss of consortium in Tennessee. Id. at *2. It reversed the trial court's decision to allow the amendment, holding that the husband's failure to bring suit within the one-year statute of limitations left his claim time barred. Id. Thus, Strauss makes clear that a spouse suing for loss of

consortium cannot avoid dismissal for filing his claim beyond the statute of limitations simply because his wife's claim was timely.

Plaintiff's position is also at direct odds with the language of Tennessee's savings statute. To benefit from the savings statute's tolling provision, the original lawsuit must have been "commenced within the time limited by a rule or statute of limitation." Tenn. Code Ann. § 28-1-105(a); see also McCullough v. Johnson City Emergency Physicians, P.C., 106 S.W.3d 36, 47 n.5 (Tenn. Ct. App. 2002) (In a medical malpractice action, "the original complaint against [the] defendant must have been filed within the one-year statute of limitations in order for the saving statute to apply."), perm. app. denied (May 27, 2003). By missing the one-year limitations period with his first complaint, Richard Tangradi's second lawsuit fails to meet the savings statute's timeliness requirement.

Similarly, Mr. Tangradi's position is inconsistent with the savings statute's purpose of "afford[ing] a *diligent* plaintiff the opportunity to renew a suit that was dismissed without concluding the plaintiff's right of action." Sharp v. Richardson, 937 S.W.2d 846, 849 (Tenn. 1996). "While the statute should be construed liberally, it should not be used to insulate a plaintiff from [his] own laches, negligence, or other similar fault." Turner v. Aldor Co. of Nashville, Inc., 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991) (citations omitted), perm. app. denied (Mar. 16, 1992); see also Freeman v. CSX Transp., Inc., No. M2010-01833-COA-R9-CV, 2011 WL 1344727, at *4 (Tenn. Ct. App. Apr. 7, 2011). By not bringing his claim within the time allowed under Tennessee law, the Plaintiff failed to act in a diligent manner. Accordingly, he should not be permitted to use the savings statute to shield himself from the consequences of that untimeliness.

Plaintiff relies upon Manning v. Altec, Inc., 488 F.2d 127 (6th Cir. 1973), a Sixth Circuit

opinion applying Tennessee's products liability statute. In <u>Manning</u>, a utilities company employee sued the manufacturer and distributor of an allegedly defective bucket lift that malfunctioned and threw him into live electric lines. <u>Id.</u> at 128. His wife joined the suit seeking damages for loss of consortium. <u>Id.</u> The defendants unsuccessfully argued before the district court that the wife's claim was barred by the statute of limitations, which at the time had required that lawsuits be brought within one year of the purchase of the defective equipment rather than the date of the injury. <u>Id.</u> at 130. It rejected that argument, holding that the wife's loss of consortium claim was "derivative from [her husband]'s claim for personal injuries and that the same statute of limitations should apply to both claims." <u>Id.</u> On appeal, the Sixth Circuit determined that changes in Tennessee law had altered the rule and required that the suit be brought within one year of the injury. <u>Id.</u> Because the wife had done so, the appeals court found that her loss of consortium claim was timely. <u>Id.</u>

Even if the Court construed the Sixth Circuit's opinion in <u>Manning</u> as holding that the same statute of limitations should apply to both the personal injury and loss of consortium claims, it does not support Plaintiff's position. Here, Richard and Bonnie Tangradi initially shared the same statute of limitations of one year from the date of her hospital discharge. For whatever reason, she filed her claim within the limitations period but her husband did not.

Richard Tangradi also points to <u>Sloan v. Miller Building Corp.</u>, 493 S.E.2d 460, 462–63 (N.C. Ct. App. 1997), a factually analogous case in which the North Carolina Court of Appeals held that an injured party's voluntary dismissal and use of that state's savings provision also extended the statute of limitations for the non-injured spouse's loss of consortium claim. However, <u>Sloan</u> was based on the unique nature of a loss of consortium claim in North Carolina, where it must be joined in the same lawsuit with the other spouse's personal injury claim. <u>Id.</u> at

462; see also Strawbridge v. Sugar Mountain Resort, Inc., 243 F. Supp. 2d 472, 478 (W.D.N.C. 2003) ("A new loss of consortium claim will be allowed [within the spouse's one year savings provision] because this claim is not a separate cause and 'must be joined with the other spouse's claim for personal injury."). In Tennessee, loss of consortium is a separate cause of action and need not be joined with the injured spouse's personal injury lawsuit. See Hunley, 38 S.W.3d at 557 ("[A] spouse's loss of consortium claim is a distinct cause of action vested solely in the spouse."); Bailiff v. State, No. M2001-01936-COA-R3-CV, 2003 WL 21077461, at *1–2 (Tenn. Ct. App. May 14, 2003) (allowing a loss of consortium claim to proceed independent of the spouse's personal injury lawsuit). Thus, the jurisprudence that led to the Sloan decision is not applicable under Tennessee law.

Finally, Mr. Tangradi contends that his argument is supported by the fact that the state court would have permitted his wife to amend her original suit and add his loss of consortium claim under the relation back provision of Tenn. R. Civ. P. 15.03. The Court finds no merit to that argument. Not only is his prediction of how a Tennessee court would have ruled speculative, but Bonnie Tangradi never sought to add her husband's claim through an amendment to her complaint. Because she may have been able to utilize the amendment and relation back rule previously does not mean she should be able to do so now. Accordingly, the Court finds that the Tennessee savings statute is inapplicable to Richard Tangradi's claim.

3. Baptist Did Not Waive Its Statute of Limitations Defense

Tangradi lastly argues that Baptist waived its right to assert the statute of limitations as a defense in this case. Federal Rule of Civil Procedure 8(c) requires that a defendant include the statute of limitations in its answer as an affirmative defense. Fed. R. Civ. P. 8(c)(1); United States v. Masonry Contractors Ass'n of Memphis, Inc., 497 F.2d 871, 877 (6th Cir. 1974).

Otherwise, courts generally hold that the defense is waived. See Haskell v. Washington Twp., 864 F.2d 1266, 1273 (6th Cir. 1988). It is undisputed that Defendant relied upon the statute of limitations defense in its answer to both Richard Tangradi's state court complaint and the federal complaint. (D.E. Nos. 5 at ¶ XVI, 45-4 at ¶ XV.) Thus, Baptist preserved its defense under Rule 8(c).

However, Tangradi argues that the defense should be deemed waived because of the Defendant's delay in pursuing it. According to Plaintiff, Baptist knew that his claim was untimely when he initially filed his state court lawsuit. However, it litigated this case for nearly seventeen months before moving to dismiss on timeliness grounds. Tangradi contends that the parties expended considerable time and expense during the period by engaging in discovery and motion practice. He insists that it would be unfair to now allow Baptist to seek dismissal based on the statute of limitations.

Tennessee law controls the question of waiver. See Hayden v. Ford Motor Co., 497 F.2d 1292, 1294 (6th Cir. 1974) (applying state law to determine when a statute of limitations defense is waived). In Hall v. Haynes, 319 S.W.3d 564, 584–85 (Tenn. 2010), the plaintiff contended that defendants had waived their affirmative defense of insufficient service of process by participating in the case for eighteen months after filing their answer and before filing a motion for summary judgment. The Tennessee Supreme Court expressly rejected that argument and held that "[h]aving adequately raised insufficiency of process as an affirmative defense in their answer, Defendants did not waive the defense by their continued participation in the lawsuit." Id. at 584; see also Pondexter v. Dep't of Hous. & Urban Dev., 324 F. App'x 169, 171–72 (3d Cir. 2009) (per curiam) (rejecting plaintiff's argument that defendant waived statute of limitations defense by waiting three years before moving for summary judgment on that basis); Long v.

Howard Univ., 550 F.3d 21, 24–25 (D.C. Cir. 2008) (holding that defendant did not waive statute of limitations defense by waiting until trial to seek dismissal based on the timeliness of the claims); Michals v. Baxter Healthcare Corp., 289 F.3d 402, 409 (6th Cir. 2002) (where defendant asserted statute of limitations as an affirmative defense in its answer, engaging in settlement negotiations was not a waiver of that defense). Thus, the Court finds that Baptist's delay in pursuing the dismissal of Richard Tangradi's claims based on the statute of limitations did not constitute a waiver of that defense. Defendant raised the defense in his answer and then filed a dispositive motion within the time allowed under the Court's scheduling order. The law required nothing more. Moreover, the prejudice to Plaintiffs as a result of the delay would have been minimal. Because the parties had to conduct discovery into the medical malpractice allegations of Bonnie Tangradi, it is unlikely that they expended considerable additional resources related solely to Mr. Tangradi's loss of consortium claim.

Tangradi also contends that the Defendant's attorney orally waived the statute of limitations defense during the parties' Rule 16(b) scheduling conference before United States Magistrate Judge Edward G. Bryant on July 21, 2010. Plaintiff's counsel, William F. Burns, has submitted an affidavit stating that he asked the Defendant's attorney, Matthew Kirby, if Baptist intended to seek dismissal of the case based on the affirmative defenses pled in its answer. (Burns Aff. ¶ 4, D.E. No. 57-5.) According to Burns, Kirby responded that "no, it would not be a problem" and that he asserted boilerplate defenses "to cover all the bases." (Id.) Burns states that Baptist did not indicate that it intended to pursue its affirmative defenses until filing the two motions for summary judgment that are presently before the Court. (Id. at ¶ 5.) The Plaintiff argues that the statement of defense counsel nullified notice of the statute of limitations defense that Defendant provided in its answer.

In response, Baptist has not specifically denied that its attorney made the statements alleged by Plaintiff's counsel. Rather, it argues that such statements are immaterial because it presented the defense in its answers as required by Rule 8(c). Defendant insists that Plaintiff is in essence seeking to amend its answer to delete every affirmative defense that it raised.

Even assuming defense counsel made the alleged statements, the Court does not find that Baptist waived the statute of limitations as a defense. Defendant provided notice that Richard Tangradi's claim was untimely by asserting the statute of limitations in its state court answer and more recently in its response to the Plaintiff's amended complaint. At the scheduling conference, Burns questioned Kirby about his client's intent to pursue its affirmative defenses generally, not just the statute of limitations related to Mr. Tangradi.[7] Although counsel's response that "no, it would not be a problem" might suggest that he would not pursue those defenses, his statement that he raised them "to cover all the bases" also indicates that they could become an issue later in the case. Without a more definite response from the Defendant that it would not defend Richard Tangradi's claim based on the statute of limitations, the Court does not find that he waived that right. <u>Cf.</u> <u>Jenkins Subway, Inc. v. Jones</u>, 990 S.W.2d 713, 722 (Tenn. Ct. App. 1998) ("[I]n order to constitute an abandonment or waiver of a legal right, 'there must be a *clear, unequivocal, and decisive act* of the party showing such a purpose, or acts amounting to an estoppel on his part.'" (emphasis added)), <u>perm. app. denied</u> (Apr. 19, 1999).

---

[7] Under Plaintiff's argument, the statement by the Defendant's attorney waived *all* of its affirmative defenses in this case. Interestingly, Mrs. Tangradi did not raise counsel's statement in response to the Defendant's argument that her medical malpractice claim did not comply with the TMMA and was also barred by the statute of limitations.

## IV. CONCLUSION

For the reasons discussed herein, the Defendant's motion for summary judgment as to Bonnie Tangradi (D.E. Nos. 42–43) is DENIED and its motion as to Richard Tangradi (D.E. No. 45) is GRANTED.

IT IS SO ORDERED this 6th day of July, 2012.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE