IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BONNIE TANGRADI,

    Plaintiff,

v.                                      No. 1:10-cv-01115-JDB-egb

BAPTIST MEMORIAL HOSPITAL –
UNION CITY,

    Defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Bonnie and Richard Tangradi, brought this lawsuit on May 12, 2010 alleging that the conduct of Defendant, Baptist Memorial Hospital of Union City ("BMH"), caused her to suffer from a large pressure ulcer. Plaintiffs originally asserted claims for (1) negligence under the Tennessee Medical Malpractice Act ("TMMA"); (2) gross negligence, willful, wanton, reckless, malicious and/or intentional conduct; and (3) loss of consortium. (Compl., Docket Entry ("D.E.") 1.) This Court later allowed the Plaintiffs to file an amended complaint where they introduced a claim for ordinary negligence. (D.E. 52.) On July 6, 2012, this Court granted summary judgment for the Defendant as to Richard Tangradi's loss of consortium claim finding that it was time-barred. (D.E. 84.) Before the Court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 78.) In it, Defendant argues that all of Plaintiffs allegations sound in medical malpractice and that the ordinary negligence claim should therefore be dismissed. Plaintiff has responded, to which Defendant

1

filed a reply. (D.E. 86, 90.) For the reasons set forth herein, the Defendant's motion is GRANTED.

## I. FACTUAL BACKGROUND

On March 18, 2008, Bonnie Tangradi visited the emergency room at BMH in Union City, Tennessee complaining of fever and lower back pain. (Def.'s Stmt. of Facts 1, D.E. 78-1.) Tangradi also suffered from a number of chronic health issues including type-2 diabetes, high blood pressure, and chronic obstructive pulmonary disease. (Pl.'s Resp. to Def.'s Stmt. of Facts 3, D.E. 85.) After reviewing her condition, Plaintiff was diagnosed with pneumonia and admitted to the hospital. (Def.'s Stmt. of Facts 2.) During her hospitalization, Tangradi was assessed and determined to not be at risk for skin breakdown or pressure ulcers. (Id.) As a result of this assessment, there were no orders to turn or reposition Plaintiff during her hospital stay. (Id.) While hospitalized, Tangradi spent most of her time asleep, and recalls only leaving her bed once. (Pl.'s Resp. to Def.'s Stmt. of Facts 3-4.) During the course of her hospital stay, she claims she was not regularly repositioned by staff. (Id. at 4.) On the morning of March 21, 2008 Plaintiff was discharged by BMH and transported to her husband's vehicle in a wheelchair. (Id. at 2, 4.)

The night of his wife's discharge, Plaintiff's husband helped her into pajamas and noticed a small bruise on her lower back region. (Id. at 5.) On March 26, 2008, she sought treatment for her wound which later developed into an open ulcer. (Id. at 5.) Plaintiff contends that the wound caused her significant pain and suffering and resulted in a physically deforming scar. (Am. Compl. ¶¶ 10-11, D.E. 52.)

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). When a motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on her pleadings, but must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). "A genuine issue of material fact exists if a reasonable juror could return a verdict for the nonmoving party." Pucci v. Nineteenth Dist. Court, 628 F.3d 752, 759 (6th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Entry of summary judgment is proper if a party fails to provide evidence establishing an essential element to it's claim while bearing the burden of proof. Poss v. Morris (In re Morris), 260 F.3d 654, 665 (6th Cir. 2001) (quoting Celotex, 477 U.S. at 322, 106 S. Ct. at 2552).

### III.   ANALYSIS

"Because medical malpractice is a category of negligence, the distinction between medical malpractice and negligence claims is subtle; there is no rigid analytical line separating the two causes of action." Estate of French v. Stratford House, 333 S.W.3d 546, 555 (Tenn. 2011). Under Tennessee law, a healthcare provider may be liable for medical malpractice,

ordinary negligence, or both. Id. at 554. Accordingly, "a single complaint may be founded upon both ordinary negligence principles and the medical malpractice statute." Id. at 557. A claim is subject to the requirements and procedures of the TMMA "[i]f the alleged breach of the duty of care . . . is one that was based upon medical art or science, training, or expertise." Id. at 556. On the other hand, if "the act or omission complained of is one that requires no specialized skills, and could be assessed by the trier of fact based on ordinary everyday experiences, then the claim sounds in ordinary negligence." Id. It is the duty of the court to decide the nature and substance of a claim. Id. at 557. While the plaintiff or defendant may attempt to designate a claim as ordinary negligence or medical malpractice, this categorization is not determinative. Id.

The characterization of the claim impacts the means and procedures by which it must be litigated. Id. at 555. "A medical malpractice claimant must establish the statutory elements through the testimony of an expert." Id. Alternatively, no expert testimony is required in order to litigate an ordinary negligence claim. Id. The rationale behind the expert testimony requirement stems from the complicated and technical information presented in TMMA cases, much of which is "beyond the general knowledge of a lay jury." Seavers v. Methodist Med. Ctr. of Oak Ridge, 9 S.W.3d 86, 92 (Tenn. 1999). "Unless the negligence is obvious and readily understandable by an average layperson, expert testimony will be required to demonstrate the applicable standard of care and breach of that standard." Barkes v. River Park Hosp., Inc., 328 S.W.3d 829, 892 n.2 (Tenn. 2010). Therefore, it is important that this Court correctly categorize the nature of the Plaintiff's complaint so that the proper proof requirements will be applied in this case.

Tangradi contends that Defendant's acts and omissions support both a claim for medical malpractice and one for ordinary negligence. She asserts that Defendant's failure to regularly turn and reposition her during her hospital stay constituted ordinary negligence. However,

4

Defendant argues that decisions concerning when to turn and reposition the Plaintiff are those that require specialized medical skills and expertise. Accordingly, it asserts that Plaintiff fails to provide any facts supporting a claim for ordinary negligence. After viewing the evidence in the light most favorable to the Plaintiff, this Court finds that all of Defendant's alleged acts and omissions sound in medical malpractice and that none of the claims asserted by the Plaintiff should be assessed under the principles of ordinary negligence.

In Estate of French, the court held that the plaintiff could progress with both a claim for medical malpractice and a claim for ordinary negligence against the defendant, a nursing home. 333 S.W.3d at 560. There, the decedent suffered pressure sores resulting from improper positioning and lack of care. Id. at 551. The decedent ultimately died as a result of sepsis. Id. When first admitted into the defendant's facility, medical personnel created a care plan directing nursing home employees to turn and reposition the decedent on a regular basis. Id. at 550. The plaintiff argued that the defendant was negligent in both the creation and the administration of the care plan. Id. at 551. In categorizing the plaintiff's allegations, the court held that certain claims, such as those regarding "how a particular patient needs to be fed or hydrated, whether the patient is at risk for pressure sores, how often an at-risk patient needs to be turned, and how to treat pressure ulcers if they develop" were all properly categorized under the medical malpractice umbrella. Id. at 558. However, claims that the nursing home failed to "administer basic care in compliance with both the established care plan and doctor's subsequent orders" and engaged in "chronic understaffing" pertained to a basic standard of care and were best examined as ordinary negligence. Id.

Here, Plaintiff contends that hospital staff, like the nursing home personnel in Estate of French, failed to regularly position her body in order to avoid the development of pressure

5

ulcers. However, the facts and circumstances surrounding the instant case are far different from those presented in Estate of French. Here, there was no patient care plan dictating that the Plaintiff be regularly turned and repositioned. Rather, after an initial examination by the doctor, she was assessed to not be at risk for skin breakdown and pressure ulcers. The court in Estate of French determined that failure to adhere to physician orders constituted ordinary negligence. Id. However, any claim attacking the creation of the patient care plan and any negligence stemming from medical assessments were to be analyzed under the TMMA. Id. Here, Plaintiff does not allege that hospital staff failed to follow instructions. Rather she argues that turning and repositioning a patient falls under basic care, even absent doctor's instructions to do so. Tangradi asserts that she "should have been turned every two hours to avoid undue pressure to the area, with skin assessment of all bony prominences and monitored for urinary and/or fecal incontinence."  (Pl.'s Resp. to Def.'s Stmt. of Facts 4.) Additionally, she claims that "[i]t is well-established that patients with diabetes, diabetic neuropathy, and limited mobility represent a high risk group for skin injury due to compromise circulation to the pressure areas." (Id. at 5.) In sum, Plaintiff argues that hospital staff should have known that she needed to be repositioned, even though they were given no instructions by medically trained professionals to do so.

In order for this to be classified as an ordinary negligence claim, a layperson must be able to ascertain the applicable standard of care without the aid of expert testimony.  This Court is not persuaded that an average juror would know that a patient with diabetes and diabetic neuropathy is highly susceptible to pressure ulcers, and would therefore need to be repositioned every two hours. This knowledge is accumulated only through medical training and expertise. An ordinary person would not have known to reposition the defendant based solely on knowledge gleaned through his or her everyday experiences. For this case, testimony by a medical professional is

necessary for a jury member to understand the technical underpinnings of the Defendant's duty of care.[1] Plaintiff does not claim that hospital staff failed to follow orders, that the hospital was understaffed, or that medical personnel failed to create a patient care plan.[2] Accordingly, all of Plaintiff's claims are best analyzed under the TMMA and not under the doctrine of ordinary negligence.

IV.   CONCLUSION

For the reasons set forth herein, the Court finds no genuine issue of material fact as to whether Defendant's conduct constituted ordinary negligence. Thus, summary judgment is GRANTED as to Plaintiff's ordinary negligence claim.

IT IS SO ORDERED this 12th day of September, 2012.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] Interestingly, in arguing that Defendant should have been repositioned every two hours the Plaintiff relies on two different expert reports.

[2] Tennessee courts have provided examples where healthcare providers are liable for ordinary negligence but not medical malpractice See Brister v. HCA Health Serv's, 2011 WL 2395218, at *5 (Tenn. Ct. App. June 8, 2011) (holding that failure to supervise a dangerous patient who then sexually assaulted another patient sounded in ordinary negligence); Franklin v. Collins Chapel Connectional Hosp., 696 S.W.2d 16, 20 (Tenn. Ct. App. 1985) (finding that a suit claiming that the plaintiff was scalded by hot water while being bathed by a nursing home employee should be adjudicated under ordinary negligence standards).